UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

BETHANY D. BROWN,

    Plaintiff,

v.

NOAM J. COHEN,
NOAM J. COHEN, P. A., and
GOTHAM COLLECTION SERVICES CORP.,

    Defendants.

_____/

**COMPLAINT**
**FOR ACTUAL, STATUTORY AND PUNITIVE DAMAGES**

**JURY DEMAND**

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA") and the tort of wrongful levy.

**JURISDICTION AND VENUE**

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k. Venue in this District is proper because the events alleged herein occurred in this District.

**PARTIES**

3.    Plaintiff, BETHANY D. BROWN, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, NOAM J. COHEN, ("Cohen") is a natural person and member of the Florida Bar.

5. Cohen regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Cohen regularly collects or attempts to collect debts due to other parties.

7. Defendant, NOAM J. COHEN, P. A., ("the Cohen firm") is a limited liability company formed under the laws of the State of Florida and citizen of the State of Florida with its principal place of business at Suite 305, 13899 Biscayne Boulevard, Miami, Florida 33181.

8. Cohen is a principal of the Cohen firm.

9. The Cohen firm is registered with the Florida Department of State Division of Corporations as a domestic corporation. Its registered agent for service of process is Noam J. Cohen, Esq., Suite 305, 13899 Biscayne Boulevard, Miami, Florida 33181.

10. The Cohen firm regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

11. The Cohen firm regularly collects or attempts to collect debts due to other parties.

12. Defendant, GOTHAM COLLECTION SERVICES CORP., ("Gotham") is a corporation formed under the laws of the State of New York and citizen of the State of New York with its principal place of business at Suite 404, 1 Linden Place, Great Neck, New York 11021.

13. Gotham is registered with the Florida Department of State Division of Corporations as a foreign corporation. Its registered agent for service of process is Noam J. Cohen, Esq., Suite 305, 13899 Biscayne Boulevard, Miami, Florida 33181.

14. Gotham is registered with the Florida Office of Financial Regulation as a consumer collection agency.

15. Gotham regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

16. Gotham regularly collects or attempts to collect debts for other parties.

**FACTUAL ALLEGATIONS**

17. Defendants sought to collect from Plaintiff an alleged debt arising from the financing of Plaintiff's automobile.

18. On or about July 4, 2014, Plaintiff financed her purchase of an automobile from CarMax Auto Superstores, Inc. with American Credit Acceptance.

19. Plaintiff used the automobile for her own personal, family and household purposes.

20. Plaintiff allegedly failed to make payments when due to the original creditor as required by the terms of the credit agreement.

21. Plaintiff's alleged debt went into default with the original creditor.

22. At some point prior to February 2, 2016, American Credit Acceptance re-possessed Plaintiff's automobile.

23. On or about March 16, 2016, American Credit Acceptance allegedly sold Plaintiff's automobile.

24. On or about October 21, 2016, American Credit Acceptance, LLC as successor to American Credit Acceptance allegedly transferred Plaintiff's account to Security Credit Services, LLC.

25. On or about July 20, 2018, Security Credit Services, LLC allegedly transferred Plaintiff's account to Gotham Services Corp.

26. On or about December 4, 2018, Gotham with Cohen as its counsel filed suit against Plaintiff in Broward county, see complaint attached as Exhibit "A".

27. Thereafter Defendants improperly obtained a judgment against Plaintiff, based upon service of process that the state court later held was invalid and vacated the judgment. Defendants also knew the judgment was void because, according to the state court complaint, Gotham Services Corp. not Gotham Collection Services Corp. is the holder of the alleged debt.

28. On or about February 11, 2019, Defendants filed affidavits and other documents with the state court that contained false and misleading representations and sought a judgment based upon a service of process Defendants knew as invalid.

29. Defendants caused the sheriff to take possession of Plaintiff current automobile (not the automobile financed, as discussed above) and sell that automobile at auction.

30. As of the filing of this complaint, the judgment upon which the levy was based has been vacated, yet Defendants have not returned Plaintiff's improperly taken automobile nor have they returned to her the money they received from the sheriff as a result of the sale of Plaintiff's automobile.

31. The tort of wrongful garnishment has six elements:

> Under Florida law, the tort of wrongful garnishment has the same elements as the tort of malicious prosecution. Burshan v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA, 805 So. 2d 835, 844-45 (Fla. 4th DCA 2001); Iowa Mut. Ins. Co. v. Gulf Heating & Refrigeration Co., 184 So. 2d 705, 706 (Fla. 2d DCA 1966) ("It is well established that the principles governing a common law action for the wrongful issuance of such writs [of garnishment] are those common law principles applicable to actions for malicious prosecution."), quashed on other grounds, 193 So. 2d 4 (Fla. 1966). Those six elements are: (1) the defendant commenced or continued a proceeding against the plaintiffs, (2) the defendant was the legal cause of that proceeding, (3) the plaintiffs received a "bona fide termination" of the proceeding in their favor, (4) the defendant did not have "probable cause" for the proceeding, (5) the defendant acted with "legal malice"; and (6) the plaintiffs suffered damages. See Adams v. Whitfield, 290 So. 2d 49, 51 (Fla. 1974).

*Barniv v. BankTrust*, 579 F. App'x 719, 720 (11th Cir. 2014)

32. Plaintiff contends that the standards applicable to wrongful levy are the same standards as wrongful garnishment and the tort of malicious prosecution.

33. Regarding the first element, Defendants lacked probable cause to *continue* the levy proceeding evaporated after they learned that the service upon which the judgment was based was defective. Defendants also are lacking in probable cause because once the state court vacated the judgment upon which the levy was based, Defendants failed to follow the Florida statutes mandating that they return any proceeds of the sale to Plaintiff.

34. Regarding the second element, Defendants obtained the levy and caused Plaintiff's vehicle to be sold, so they are the cause of the levy proceeding.

35. Regarding the third element, Plaintiff received a bona fide termination of the proceeding in her favor, a vacation of the judgment upon which the levy was based.

5

36. Regarding the fourth element, Defendants lacked probable cause to *continue* the levy proceeding evaporated after they learned that the service upon which the judgment was based was defective. Defendants also are lacking in probable cause because once the state court vacated the judgment upon which the levy was based, Defendants failed to follow the Florida statutes mandating that they return any proceeds of the sale to Plaintiff.

37. Regarding the fifth element, legal malice, as the Supreme Court of Florida has stated, the lack of probable cause establishes legal malice:

> We also stated that the element of malice need not be proven directly, but may be implied or inferred from want of probable cause. In other words, it is not necessary to prove *actual* malice in order to recover for malicious prosecution; only *legal* malice is necessary, and this legal malice *may* be inferred entirely from a lack of probable cause.

*Adams v. Whitfield*, 290 So. 2d 49, 51 (Fla. 1974) (emphasis in original)

38. Regarding the sixth element, Plaintiff suffered damages, and the same lack of probable cause that establishes legal malice also establishes the right to punitive damages. The Supreme Court of Florida has held:

> An award of punitive damages also requires only proof of *legal* malice, not necessarily actual malice, and this is true whether the cause of action is for malicious prosecution, for some other tort, or for a breach of contract

*Adams v. Whitfield*, 290 So. 2d 49, 51 (Fla. 1974) (emphasis in original)

39. Debt collectors who violate the FDCPA obtain an unfair competitive advantage over debt collectors who comply with the law.

40. This suit advances the purpose of the FDCPA which is, in part, to insure that debt collectors who comply with the law are not competitively disadvantaged by those who violate the law.

> Purposes. It is the purpose of this title [15 USCS §§ 1692 et seq.] to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

15 USC § 1692e

## COUNT I
## WRONGFUL LEVY AGAINST GOTHAM

41. Plaintiff incorporates Paragraphs 1 through 40.

42. Gotham wrongfully continued pursuing a levy when it knew the judgment upon which it was based was void, failed to return Plaintiff improperly levied automobile or the funds received from the sheriff as a result of the sale and did so knowingly, and with legal malice.

WHEREFORE, Plaintiffs requests that the Court enter judgment in favor of Plaintiff and against Gotham for:

    a. Actual and Punitive damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## WRONGFUL LEVY AGAINST COHEN

43. Plaintiff incorporates Paragraphs 1 through 40.

44. Cohen wrongfully continued pursuing a levy when it knew the judgment upon which it was based was void, failed to return Plaintiff improperly levied automobile or the funds received from the sheriff as a result of the sale and did so knowingly, and with legal malice.

WHEREFORE, Plaintiffs requests that the Court enter judgment in favor of Plaintiff and against Cohen for:

    a. Actual and Punitive damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT III
## WRONGFUL LEVY AGAINST THE COHEN FIRM

45. Plaintiff incorporates Paragraphs 1 through 40.

46. The Cohen firm wrongfully continued pursuing a levy when it knew the judgment upon which it was based was void, failed to return Plaintiff improperly levied automobile or the funds received from the sheriff as a result of the sale and did so knowingly, and with legal malice.

WHEREFORE, Plaintiffs requests that the Court enter judgment in favor of Plaintiff and against the Cohen firm for:

    a. Actual and Punitive damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT IV

## USE OF UNFAIR MEANS TO COLLECT A DEBT BY IMPROPER LEVY AGAINST GOTHAM

47. Plaintiff incorporates Paragraphs 1 through 40.

48. Gotham used an unfair means to collect a debt by continuing to levy on Plaintiff's automobile when it knew the judgment upon which it was based was void and improperly failed to return Plaintiff's automobile or pay over the proceeds of the auction sale thereof after the judgment upon which the levy was based was vacated by the state court in violation of 15 U.S.C. §1692f.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Gotham for:

        a. Damages;

        b. Attorney's fees, litigation expenses and costs of suit; and

        c. Such other or further relief as the Court deems proper.

## COUNT V
## USE OF UNFAIR MEANS TO COLLECT A DEBT BY IMPROPER LEVY AGAINST COHEN

49. Plaintiff incorporates Paragraphs 1 through 40.

50. Cohen used an unfair means to collect a debt by continuing to levy on Plaintiff's automobile when it knew the judgment upon which it was based was void and improperly failed to return Plaintiff's automobile or pay over the proceeds of the auction sale thereof after the judgment upon which the levy was based was vacated by the state court in violation of 15 U.S.C. §1692f.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Cohen for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT VI
## USE OF UNFAIR MEANS TO COLLECT A DEBT BY IMPROPER LEVY AGAINST THE COHEN FIRM

51.    Plaintiff incorporates Paragraphs 1 through 40.

52.    The Cohen firm used an unfair means to collect a debt by continuing to levy on Plaintiff's automobile when it knew the judgment upon which it was based was void and improperly failed to return Plaintiff's automobile or pay over the proceeds of the auction sale thereof after the judgment upon which the levy was based was vacated by the state court in violation of 15 U.S.C. §1692f.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against The Cohen firm for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT VII
## FALSE AND MISLEADING REPRESENTATIONS AGAINST GOTHAM

53.    Plaintiff incorporates Paragraphs 1 through 40.

54. Gotham made false and misleading representations in its February 11, 2019 filings with the state court in order to improperly obtain a judgment against Plaintiff in violation of 15 U.S.C. §1692e.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Gotham for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT VIII
## FALSE AND MISLEADING REPRESENTATIONS AGAINST COHEN

55. Plaintiff incorporates Paragraphs 1 through 40.

56. Cohen made false and misleading representations in its February 11, 2019 filings with the state court in order to improperly obtain a judgment against Plaintiff in violation of 15 U.S.C. §1692e.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Cohen for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT IX
## FALSE AND MISLEADING REPRESENTATIONS AGAINST THE COHEN FIRM

57. Plaintiff incorporates Paragraphs 1 through 40.

58.     The Cohen Firm made false and misleading representations in its February 11, 2019 filings with the state court in order to improperly obtain a judgment against Plaintiff in violation of 15 U.S.C. §1692e.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against The Cohen Firm for:

a.  Damages;

b.  Attorney's fees, litigation expenses and costs of suit; and

c.  Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.


DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Fort Lauderdale, Florida 33339
Telephone: (954) 537-2000
Facsimile: (954) 566-2235
don@donyarbrough.com

s/Donald A. Yarbrough
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658


Joel D. Lucoff
Florida Bar No. 192163
Debt Shield Law
3440 Hollywood Blvd., Suite 415
Hollywood, FL 33021
Tel:    305-776-1805
Fax:    305-503-9457

legal@debtshieldlawyer.com
joel@debtshieldlawyer.com

13